This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 32,029**

**FLORENCIO GOMEZ BARRAZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Lisa Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his conviction for driving while under the influence (DUI). Defendant entered a conditional guilty plea reserving the right to appeal the district court's denial of his motion to dismiss for a violation of his right to a speedy trial. We issued a notice of proposed disposition proposing to affirm. Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

Defendant was arrested on August 28, 2010, and a criminal complaint was filed in magistrate court two days later. [RP 12, 71] The State refiled the case in district court on December 8, 2010. [RP 12] Trial was ultimately set for January 3, 2011, and Defendant entered a conditional guilty plea on that date. [RP 51, 92] Defendant argues that the sixteen-month delay between his arrest and trial constitutes a violation of his right to a speedy trial. We disagree.

When analyzing a speedy trial claim, we first determine whether the length of pretrial delay is presumptively prejudicial. *See State v. Montoya*, 2011-NMCA-074, ¶ 10, 150 N.M. 415, 259 P.3d 820. The parties agreed that this case would be designated "simple" for purposes of speedy trial analysis. [DS 4] Accordingly, the delay of sixteen months between arrest and trial in this case was presumptively prejudicial. [RP 78] *See State v. Garza*, 2009-NMSC-038, ¶ 47, 146 N.M. 499, 212 P.3d 387 (stating that for a simple case, a one year delay is presumptively prejudicial).

Once we determine that a pretrial delay is presumptively prejudicial, we proceed to balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether a speedy trial violation has occurred. The factors to be considered are "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant." *State v. Plouse*, 2003-NMCA-048, ¶ 34, 133 N.M. 495, 64 P.3d 522. "In considering each of the factors, we defer to the district court's factual findings but review de novo the question of whether [the d]efendant's constitutional right to a speedy trial was violated." *Montoya*, 2011-NMCA-074, ¶ 9.

Although the district court did not address how the length of delay should be weighed in this case, we believe it weighs against the State. However, the delay was only four months beyond the guideline for a simple case. *See State v. Moreno*, 2010-NMCA-044, ¶ 11, 148 N.M. 253, 233 P.3d 782 (analyzing the extent to which the delay stretched beyond the bare minimum required to trigger judicial examination of the speedy trial claim). We therefore weigh this factor only slightly against the State. *See State v. Wilson*, 2010-NMCA-018, ¶ 29, 147 N.M. 706, 228 P.3d 490 (stating that delay of five months beyond the guideline for a simple case was not so extraordinary or protracted as to compel weighing the length of delay factor against the state more than slightly).

Turning to the reason for the delay, Defendant argues, and we agree, that the majority of the delay in this case was caused by the State. [MIO 7-9] The district court found that most of the delay weighed against the State, except for a three week delay caused by Defendant's request for a continuance and four and a half months that were due to administrative delays and weighed against neither party. [RP 78-79] *See Zurla v. State*, 109 N.M. 640, 643, 642, 789 P.2d 588, 591 (1990) (stating that docket congestion is a neutral reason for delay), *modified on other grounds by State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212 P.3d 387. In his memorandum in opposition, Defendant continues to argue that the delay from December 8, 2010 (the date the charges were dismissed in magistrate court), until July 25, 2011 (the date the State requested a trial setting in district court), should weigh heavily against the State because the prosecutor admitted that he dismissed the magistrate court case and re-filed in district court to avoid the possibility of a de novo appeal. [DS 5-6, MIO8] As we noted in the notice of proposed disposition, the State has broad discretion to dismiss a criminal case in magistrate court and reinstate charges in district court. *See State v. Heinsen*, 2005-NMSC-035, ¶ 25, 138 N.M. 441, 121 P.3d 1040. Defendant has cited to no authority to show that a prosecutor's desire to avoid a de novo appeal constitutes an impermissible reason to dismiss a case in magistrate court and refile it in district court. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330

4

(1984) (stating that in the absence of cited authority to support an argument, we assume no such authority exists).

We also cannot credit Defendant's assertion that the State knew that the district court docket was over-crowded and a delay would likely result as there is nothing in the record or the district court's factual findings to support it. [DS 5-6, MIO 8] Nothing in the record indicates that the State's dismissal and refiling of the charges was done to cause delay or to otherwise deny Defendant's right to a speedy trial. We therefore believe that the reason for delay factor weighs against the State slightly. Defendant argues that the three-week delay caused by his request for a continuance should weigh against the State because he asked for the delay to await discovery from the State that was necessary to a consideration of the State's plea offer. [MIO 8] Even counting this time period against the State, however, does not tip the balance in favor of weighing the reason for delay factor heavily against the State.

Defendant asserted his right to a speedy trial a week before the trial date. [RP 52, RP 74-75] The district court found that Defendant's late assertion of his speedy trial right weighed against Defendant. However, we agree with Defendant that since he did assert his right to a speedy trial, this factor weighs in his favor. [MIO 9-10] This factor weighs only slightly in Defendant's favor because he did not assert his speedy trial right until just before trial. *See State v. Parrish*, 2011-NMCA-033, ¶ 31,

149 N.M. 506, 252 P.3d 730 (stating that the closer to trial an assertion of the speedy trial right is made, the less weight it is given), *cert. denied*, 2011-NMCERT-003, 150 N.M. 619, 264 P.3d 520.

Finally, we turn to the prejudice factor by which we consider whether: (1) Defendant endured oppressive pretrial incarceration, (2) Defendant suffered undue anxiety and concern, and (3) the defense was impaired. *See Moreno*, 2010-NMCA-044, ¶ 36. "We weigh the first two interests in the defendant's favor only where the incarceration or the anxiety suffered is undue." *Wilson*, 2010-NMCA-018, ¶ 47. Additionally, the defendant has the burden to show particularized prejudice beyond the generalized prejudice inherent in the delay between arrest and trial. *See Parrish*, 2011-NMCA-033, ¶ 33; *see also Garza*, 2009-NMSC-038, ¶¶ 35-37 (explaining that the defendant has the burden to demonstrate and substantiate prejudice).

In this case, the first factor is not at issue because Defendant was not incarcerated pending trial other than three and a half hours before he was released on bond. [RP 79] *See State v. White*, 118 N.M. 225, 227, 880 P.2d 322, 324 (Ct. App. 1994) ("Defendant, having been released on bond, did not suffer oppressive pretrial incarceration."); *see also Garza*, 2009-NMSC-038, ¶ 37 (concluding that where the defendant spent several hours in jail and was released with normal bond conditions,

he failed to demonstrate particularized prejudice). Defendant argues that he suffered pretrial anxiety and that his wife had health problems at the time. However, we agree with the district court this constitutes normal anxiety over pending criminal charges and not any undue anxiety that would be considered prejudicial. [RP 79] Defendant also claims that the anxiety he suffered had an unspecified negative financial effect on his business. [MIO10-11] However, this appears unsubstantiated by the record. *Cf. State v. Marquez*, 2001-NMCA-062, ¶¶ 24-28, 130 N.M. 651, 29 P.3d 1052 (rejecting a claim of adverse employment consequences where the defendant failed to substantiate that claim). In this case there was no pretrial incarceration, and Defendant only experienced minimal and routine anxiety. There is also no showing of any impairment to his defense. We therefore disagree with Defendant's argument that this factor should weigh in his favor. [MIO 10] *See Parrish*, 2011-NMCA-033, ¶ 33 (noting that alleged prejudice similar to the disruptions that any accused person might suffer does not demonstrate particularized prejudice).

On balance, we do not believe that Defendant's right to a speedy trial was violated in this case. The four-month delay beyond the presumptive one-year period weighs slightly against the State, and the reason for the delay weighed against the State, but not heavily. Defendant's late assertion of his right to a speedy trial is accorded little weight. Additionally, Defendant was not incarcerated while awaiting

7

trial, and there was no showing of undue anxiety or prejudice to his defense. *See State v. Wilson*, 2010-NMCA-018, ¶ 50 (holding that the defendant's right to a speedy trial was not violated where the length of delay and reason for delay weighed only slightly against the State, the defendant's assertion of the right was accorded little weight, and the defendant had not shown particularized prejudice); *see also Parrish*, 2011-NMCA-033, ¶ 37 (concluding that the defendant's right to a speedy trial was not violated where he failed to show particularized prejudice and the other factors did not weigh heavily in his favor); *Montoya*, 2011-NMCA-074, ¶ 24 (concluding that the defendant's failure to demonstrate actual prejudice precluded a determination that his right to a speedy trial was violated because the other factors only weighed slightly against the State).

For these reasons, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

8

**JAMES J. WECHSLER, Judge**