1999-NMSC-041

992 P.2d 274

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Salvador BENAVIDEZ, Defendant–Respondent.**

No. 25,548.

Supreme Court of New Mexico.

Nov. 3, 1999.

Patricia A. Madrid, Attorney General, Steven S. Suttle, Assistant Attorney General, Santa Fe, for Petitioner.

Paul J. Kennedy, Albuquerque, for Respondent.

*OPINION*

BACA, Justice.

{1} Defendant Salvador Benavidez was convicted of three counts of perjury and one count of conspiracy to commit perjury contrary to NMSA 1978, § 30–25–1 (1963), and NMSA 1978, § 30–28–2 (1963, as amended through 1979). The charges were the result of alleged false testimony provided by Benavidez in response to an order to show cause in a domestic relations matter. On appeal, the Court of Appeals reversed two of Benavidez' convictions concluding that the trial court failed to instruct the jury on the essential element of materiality in light of the United States Supreme Court's decision in *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). *State v. Benavidez,* 1999–NMCA–053, ¶ 2, 127 N.M. 189, 979 P.2d 234. The Court of Appeals also ordered the second perjury conviction vacated as duplicative of the other charges. *Benavidez,* 1999–NMCA–053, ¶ 2, 127 N.M. 189, 979 P.2d 234. Finally, on a subsequent motion for rehearing the Court of Appeals reversed and remanded the conspiracy to commit perjury charge. *State v. Benavidez,* 1999–NMCA–054, ¶ 3, 127 N.M. 206, 979 P.2d 251. The State appeals. We review this matter pursuant to NMSA 1978, § 34–5–14(B)(1) (1966, as amended through 1972), which provides that the Supreme Court has jurisdiction to review by writ of certiorari a Court of Appeals' decision that is in conflict with a decision of the Supreme Court.

{2} We do not disturb the Court of Appeals' decision on any of the substantive issues. Instead, we expressly limit our discussion to the proper standard of review for a statement against penal interest under Rule 11–804(B)(3) NMRA 1999. We address this

issue only because the Court of Appeals' opinion in *Benavidez*, 1999–NMCA–053, ¶ 15, 127 N.M. 189, 979 P.2d 234 is inconsistent with our recent holding in *State v. Torres*, 1998–NMSC–052, 126 N.M. 477, 971 P.2d 1267, with regard to the proper standard of review for the admission of a statement against penal interest under Rule 11–804(B)(3). We hold that the Court of Appeals erred in applying a de novo standard for a statement against penal interest and should have applied the more deferential abuse of discretion standard of review.

{3} This Court announced its decision in *Torres* twenty days before the Court of Appeals· issued its decision in *Benavidez*. The issue in *Torres* was whether statements made by a witness-participant were sufficiently self-inculpatory in nature to be admitted as a statement against penal interest under Rule 11–804(B)(3) NMRA 1999. *See Torres*, 1998–NMSC–052, ¶¶ 9, 10, 126 N.M. 477, 971 P.2d 1267. This Court interpreted the New Mexico Rules of Evidence consistently with the Federal Rules of Evidence as expressed in *Williamson v. United States*, 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). In *Williamson* the United States Supreme Court limited admissions of collateral statements under Federal Rule 11–804(b)(3) stating, "In our view, the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory." *Williamson*, 512 U.S. at 600–01, 114 S.Ct. 2431. In adopting the reasoning in *Williamson* this Court said, "Although we agree with other jurisdictions that the *Williamson* analysis contains some practical difficulties, we believe that *Williamson* supplies a framework that more closely fulfills the purposes of Rule 11–804(B)(3), and we join the Court of Appeals in adopting *Williamson* for the interpretation of New Mexico Law." *Torres*, 1998–NMSC–052, ¶ 13, 126 N.M. 477, 971 P.2d 1267.

{4} In addition to adopting the reasoning in *Williamson* this Court in *Torres* also addressed the proper standard of review for the admission of a statement against penal interest under Rule 11–804(B)(3). This Court noted that as a general matter, the proper standard of review for admission of evidence under an exception to the hearsay rule is abuse of discretion. *Torres*, 1998–NMSC–052, ¶ 17, 126 N.M. 477, 971 P.2d 1267. We concluded in *Torres* that, "Because the analysis regarding statements against penal interests involves a fact-intensive inquiry that 'can only be answered in light of all the surrounding circumstances,' ... we see nothing sufficiently unique about Rule 11–804(B)(3) to convince us to depart from the deferential standard of review applicable to other exceptions to the hearsay rule." *Id.* ¶ 15 (quoting *Williamson*, 512 U.S. at 604, 114 S.Ct. 2431); *accord State v. Gonzales*, 1999–NMSC–033, ¶ 5, 128 N.M. 44, 989 P.2d 419 (utilizing an abuse of discretion standard when considering the admission of a statement against· penal interest under Rule 11–804(B)(3) NMRA 1999). Thus, the appropriate inquiry for an admission of evidence under Rule 11–804(B)(3) is to determine whether the trial court's ruling constitutes an abuse of discretion.

{5} Today, we reverse only the portion of the Court of Appeals' decision that discusses statements against penal interest because it applied the incorrect standard of review. Accordingly, we remand to the district court as ordered by the Court of Appeals. On remand, the district court is ordered to vacate Defendant's conviction of perjury on count two. Further, the district court is ordered to set aside his remaining perjury and conspiracy to commit perjury convictions, and hold a new trial on these charges. It is further ordered that the portion of the Court of Appeals' opinion regarding statements against penal interest in *State v. Benavidez*, 1999–NMCA–053, ¶¶ 54–58, 127 N.M. 189, 979 P.2d 234 is vacated.

**IT IS SO ORDERED.**

MINZNER, C.J., FRANCHINI, SERNA and MAES, JJ., concur.