IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                      **NO. 29,277**

**DIANA SPRAYBERRY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Frank K. Wilson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

    Defendant appeals from her conviction for a single count of perjury in violation of NMSA 1978, Section 30-25-01 (1963).  [RP 183]  Defendant's conviction for perjury arises out of false statements made during Defendant's trial for arson. Defendant raises two issues on appeal:  (1) whether her statements were material to

the underlying arson case, and (2) whether there was sufficient evidence to support the jury's determination that Defendant knew her statements were false. [DS 3] This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we are unpersuaded, we affirm. To the extent Defendant requested that this case be consolidated with her appeal from her arson charge and placed on the general calendar, we decline to do so since Defendant has not demonstrated how the cases present similar issues or how our decision in the arson case would impact our decision in this case.

Defendant raises two issues on appeal: (1) whether her statements were material to the underlying arson case, and (2) whether there was sufficient evidence to support the jury's determination that Defendant knew her statements were false. As noted in this Court's calendar notice, Defendant was charged with making three false statements at her trial on arson: (1) "I never told the officer that I went back to my house and got some car chalk and a smoke bomb."; (2) "All I did was write on the windshield with car chalk and I told that to the office[r] (sic) six times."; (3) "I was lying to the officer when I told him I threw a smoke bomb in the car and I told the officer that I was falsely confessing because of the threats on my life and on my mother's life." [DS 3] In this Court's calendar notice we applied a sufficiency of the

evidence standard to both issues, *see State v. Benavidez*, 1999-NMCA-053, ¶ 14, 127 N.M. 189, 979 P.2d 234 (holding that "materiality is the sort of mixed question of law and fact typically resolved by the jury"), *rev'd on other grounds*, 1999-NMSC-041, 128 N.M. 261, 992 P.2d 274, and proposed to conclude that the statements were material and that there was sufficient evidence to support the jury's determination that Defendant knew her statements were false when she made them. To the extent Defendant argues that this Court erred in its proposed summary disposition by applying a substantial evidence standard where a sufficiency of the evidence standard should have been applied, this Court recognizes no difference between the standard supplied by Defendant, [MIO 8-9 (citing *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 (stating that when reviewing a verdict for sufficiency of the evidence, the reviewing court's "role is to determine whether a rational fact-finder could determine beyond a reasonable doubt the essential facts necessary to convict the accused," by "view[ing] the evidence in a light most favorable to the verdict." (citations omitted))., and the standard applied by this Court.] [CN 2-3 (citing *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 ("Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational factfinder could

have found that each element of the crime was established beyond a reasonable doubt." (citations omitted)).]

With respect to the materiality of the statements, this Court noted in its calendar notice that false testimony is material if it has the *capacity or tendency* to influence or impede the jury. [CN 4]; *see State v. Watkins*, 92 N.M. 470, 475, 590 P.2d 169, 174 (Ct. App. 1979). Defendant contended in her docketing statement that "[i]t was mere speculation on the part of the State that [Defendant's] statements were material or could have affected the fact-finder's determinations," because the jury was not swayed by Defendant's testimony at her arson trial and convicted her. [DS 4] We proposed to conclude that a reasonable jury could have concluded that Defendant's testimony that she had not made specific statements to Officer Garrett during their interview called into question Officer Garrett's credibility and the authenticity of her confession and, as a result, would have possessed a natural tendency to influence or impede the jury. [CN 5] In response to this Court's proposed conclusion, Defendant states that "it is difficult to see what other possibly severe consequence the jury was impeded in reaching or influenced to not find since the jury returned a guilty verdict in the arson trial." [MIO 9-10] Defendant's argument continues to miss the point. It is not the actual impact on the outcome of the case but whether the statements had the capacity to influence the case. In other words, it is sufficient that had the jury

4

believed Defendant's statements it could have influenced the jury's decision. We find Defendant's argument unpersuasive and affirm on this issue.

With respect to Defendant's argument that there was insufficient evidence that she knew her statements to be false when she testified, we disagree. Defendant contends that the videotaped interview revealed that she had informed the officer at least three or four times that all she did was write on the windshield with car chalk, and thus the second statement for which she was charged was supported by insufficient evidence. We accept Defendant's assertion as to the contents of the videotape as accurate. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("The facts contained in the docketing statement are accepted as the facts of the case unless challenged."). However, we note that Defendant was only convicted of one count of perjury [RP 183] and, thus, her conviction may be upheld on any of the identified statements. We conclude that there was sufficient evidence to support a conviction for perjury with respect to at least one of the identified statements.

Officer Garrett testified that if Defendant had said she was falsely confessing because she was being threatened, Officer Garrett would have begun a different type of investigation, but he never commenced any type of investigation of that nature because Defendant never informed him she was being threatened during the recorded

interview. [RP 162] Further, Officer Garrett testified that he conducted no other interviews with Defendant. [RP 167] Thus, to the extent that Defendant testified at trial that she informed Officer Garrett she had falsely confessed because she was being threatened, there is sufficient evidence for a reasonable jury to have concluded that this portion of Defendant's testimony was false. *See State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (stating that in determining the sufficiency of the evidence the reviewing court looks for "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

Moreover, as we proposed in our calendar notice, there was sufficient evidence for the jury to infer that Defendant knew her statement was false when she testified. We noted that "[k]nowledge, like intent, is personal in its nature and may not be susceptible of proof by direct evidence. It may, however, be inferred from occurrences and circumstances. The act itself may be such as will warrant an inference of knowledge." [CN 5]; *State v. Montoya*, 77 N.M. 129, 131, 419 P.2d 970, 971 (1966). We further noted that, in *Montoya*, our Supreme Court held that, where the defendant testified that he was at the doctor's office at the time the crime occurred and his statement was later proved untrue, the jury was free to infer that the defendant knew his testimony was false when he gave it "through reasoning that an ordinary person under similar circumstances testifying as to a specific date and time as [the defendant]

6

did should have known that his testimony was not true." *Id.* at 131, 419 P.2d at 972. Thus, we proposed to conclude that, based on evidence that Defendant's testimony was false, and Defendant's stipulation that she believed the recording of the interview was inoperable at the time she testified, the jury could have inferred that Defendant knew her testimony to be false when she gave it. [CN 6] Defendant has not demonstrated how this Court's reasoning was wrong or the facts we relied on were inaccurate, but merely states that whether there was sufficient evidence is unclear and a transcript is needed. As Defendant has failed to point out error in fact and/or law regarding this Court's proposed disposition of Defendant's claim that there was insufficient evidence for the jury to believe Defendant knew that she gave false testimony, we affirm on this issue. *See Ibarra*, 116 N.M. at 489, 864 P.2d at 305.

Finally, to the extent Defendant continues to argue that she was unable to review her recorded statement to the police prior to testifying and that her memory had likely faded since there was a year between the interview and Defendant's arson trial, [MIO 10] we find this argument unpersuasive. As we pointed out in our calendar notice, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." [CN 6]; *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not

weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict.").

For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction for perjury.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JAMES J. WECHSLER, Judge**

_____

**ROBERT E. ROBLES, Judge**