**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2016-NMCA-067**

**Filing Date: June 7, 2016**

**Docket No. 34,150**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**JUDD MOORE,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF DONA AÑA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Lahann Law Firm, LLC
Jeff C. Lahann
Christopher K. P. Cardenas
Las Cruces, NM

for Appellant

## OPINION

**VIGIL, Chief Judge.**

**{1}**    Defendant conditionally pled guilty to two counts of forgery, one count of embezzlement, and one count of attempt to evade or defeat tax, reserving his right to appeal from an order of the district court denying his motion to dismiss the indictment for a violation of his constitutional right to a speedy trial. We reverse the district court.

**I.**      **BACKGROUND**

1

**{2}** Defendant was arrested on July 13, 2010, based on charges filed in the magistrate court consisting of several counts of forgery, embezzlement, and conspiracy to commit forgery. On July 14, 2010, Defendant made his first appearance, and was released from custody subject to conditions three days later. The complaint against Defendant was then dismissed without prejudice after the grand jury indictment was filed on March 24, 2011. The Defendant was arraigned on April 11, 2011, and the State filed a statement of joinder adding three other defendants to the case.

**{3}** The Honorable Lisa C. Schultz was excused from this case, and the Honorable James T. Martin was assigned on April 27, 2011. The State then exercised its right to excuse Judge Martin, and the case was reassigned to the Honorable Fernando R. Macias on May 23, 2011. The case was set for trial on March 28, 2012, but the State filed a motion for continuance on March 20, 2012, stating that the amount of discovery was significant and additional time was needed to prepare for trial and provide defense counsel with the necessary documents. Defendant concurred, and the motion was granted. The trial was reset for August 22, 2012.

**{4}** On August 15, 2012, the State filed another motion for continuance on grounds that the three co-defendants were applying to the preprosecution diversion program and the State needed additional time to complete the application process. *See* NMSA 1978, §§ 31-16A-1 to -8 (1981, as amended through 1984). Defendant opposed this motion, asserting in his response that any further delay would violate his right to a speedy trial. The district court granted the motion and a status hearing was scheduled for September 10, 2012. The three co-defendants were not accepted into the program until September 9, 2013.

**{5}** At the status hearing, both parties informed the district court that it would take one week to present their case to the jury. The State requested a time period of two weeks on behalf of both parties, and the district court stated that the trial would not occur until the next calendar year—and that it would aim for January 2013. The next trial date was set for June 12, 2013, but the length of the trial was erroneously set for three days. Due to this error, the trial was reset to September 9, 2013.

**{6}** On August 19, 2013, Defendant filed a motion to dismiss alleging a speedy trial violation. Defendant also filed a motion to exclude witnesses and evidence. The district court scheduled a motion hearing on September 9, 2013, and reset the trial to begin the next day. At the hearing, the district court denied the motion to dismiss. With regard to the motion to exclude witnesses and evidence, Defendant informed the district court that he had just received a witness statement the prior week and obtained three other witness statements that very day, September 9, 2013. The State conceded that the late disclosure was due to negligence in reviewing its files. Based on the late disclosures, defense counsel requested a continuance of the trial asserting that his assistance would be ineffective at the trial as scheduled because the late disclosures required interviews of these witnesses. The district court granted the continuance, and the trial was reset for November 19, 2013.

**{7}** The State then filed a motion to continue the trial because the sole attorney assigned

2

to this case had resigned. According to the State, no other attorney would be prepared to take this case to trial on the set date based on the complexity of this case. Defendant filed an objection to the continuance, arguing that any further delay violated his right to a speedy trial. The district court granted the motion and the trial was then reset for January 21, 2014.

**{8}** However, this trial date was vacated because the district court judge was unavailable due to other responsibilities. The trial was reset for May 19, 2014. At a motion hearing on May 15, 2014, the parties agreed to a plea contingent upon Defendant's renewed motion to dismiss for a speedy trial violation. The parties agreed that if the district court denied the motion, Defendant would enter into a conditional plea agreement, reserving his right to appeal the district court's ruling. The parties stipulated that the delay for a speedy trial violation ended on May 19, 2014. Defendant filed an unopposed motion for continuance in order to draft a renewed motion to dismiss, and filed the motion after the stipulated date. The district court denied the motion to dismiss and Defendant entered into the conditional plea agreement. Defendant appeals.

## II.     DISCUSSION

**{9}** "The right to a speedy trial is a fundamental right of the accused that is guaranteed by both the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution." *State v. Taylor*, 2015-NMCA-012, ¶ 6, 343 P.3d 199 (alterations, internal quotation marks, and citations omitted). To determine whether a defendant's right to a speedy trial was violated, our Supreme Court has adopted the balancing test of *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387. Under this balancing test, four factors are weighed: (1) the length of delay; (2) the reasons for the delay; (3) the defendant's assertion of his right; and (4) the actual prejudice to the defendant. *Id.* On appeal, we defer to the district court's factual findings but "review the weighing and the balancing of the *Barker* factors de novo." *State v. Spearman*, 2012-NMSC-023, ¶ 19, 283 P.3d 272 (internal quotation marks and citation omitted).

## A.     Length of Delay

**{10}** The first factor has two purposes: it acts as the triggering mechanism to determine whether further inquiry into the *Barker* factors is warranted, and if the delay is "presumptively prejudicial," it is a separate factor to consider in our analysis. *State v. Serros*, 2016-NMSC-008, ¶ 22, 366 P.3d 1121 (internal quotation marks and citation omitted). As a benchmark, a delay is presumptively prejudicial if it exceeds one year in a simple case, fifteen months in an intermediate case, and eighteen months in a complex case. *Garza*, 2009-NMSC-038, ¶ 48. The district court found, and neither party disputes, that this case was "extremely complex," and that the delay was forty-six months. Thus, the delay is twenty-eight months beyond the eighteen-month threshold for presumptively prejudicial delay in a complex case.

**{11}** With regard to the weight given to the length of the delay, "the greater the delay the more heavily it will potentially weigh against the State." *Id.* ¶ 24. In the present case, the district court found that the delay weighs heavily against the State, which the State disputes. Although the State argues that the length of delay should only weigh moderately against the State, *State v. Steinmetz*, 2014-NMCA-070, ¶¶ 5-6, 327 P.3d 1145 (holding that a delay of forty-three months weighs moderately against the State), our Supreme Court has recently recognized that a "delay of over [fifty-one] months is extraordinary, and therefore it weighs heavily in [the d]efendant's favor." *Serros*, 2016-NMSC-008, ¶ 24. Moreover, we have stated that a delay approximately twice as long as the threshold weighs heavily against the State. *See Taylor*, 2015-NMCA-012, ¶ 9 (holding that a delay nearly twice as long as the twelve-month threshold for simple cases weighs heavily against the State); *State v. Vigil-Giron*, 2014-NMCA-069, ¶¶ 19-20, 327 P.3d 1129 (holding that the delay of an additional eighteen months beyond the triggering date for a complex case weighs heavily against the State). We therefore weigh the delay of forty-six months—over twice as long as the presumptively prejudicial threshold—heavily against the State.

**B.    Reasons for Delay**

**{12}** "*Barker* identified three types of delay, indicating that different weights should be assigned to different reasons for the delay." *Garza*, 2009-NMSC-038, ¶ 25 (internal quotation marks and citation omitted). These three types of delay are: (1) deliberate delay; (2) negligent or administrative delay; and (3) delay justified by a valid reason. *Id.* ¶¶ 25-27.

**{13}** Deliberate delay "should be weighted heavily against the government"; whereas, a negligent or administrative delay "should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* ¶¶ 25-26 (internal quotation marks and citation omitted). "Intermediate categories of delay, such as bureaucratic indifference or failure to take reasonable means to bring a case to trial, are considered more culpable and weigh more heavily against [the government], especially if the defendant has sought to safeguard his rights." *State v. Laney*, 2003-NMCA-144, ¶ 17, 134 N.M. 648, 81 P.3d 591. Finally, a delay caused by a valid reason will be considered appropriately justified. *Garza*, 2009-NMSC-038, ¶ 27.

**{14}** Approximately eight months passed while the case was in the magistrate court, from Defendant's arrest on July 13, 2010, until the indictment was filed in the district court on March 24, 2011. Within this time period, Defendant made his first appearance on July 19, 2010, and filed a demand for discovery, list of witnesses, and pre-trial interviews on August 2, 2010. The record contains no response from the State regarding any disclosure of discovery. *See* Rule 6-504(A) NMRA (stating that the State must provide discovery within forty-five days after arraignment or the waiver of arraignment unless the district court orders a different period). The record also fails to provide evidence that the State took any action to move the case toward trial. *See* Rule 6-506(B)(1) NMRA (stating that trial shall commence approximately six months after the arraignment or waiver of arraignment). The

4

State's excuse is that it brought the indictment in district court with additional charges, which caused the delay. This does not justify not taking steps to bring the case to trial. *See Barker*, 407 U.S. at 527 (stating that the state has the duty to bring a defendant to trial). The State's actions, or lack thereof, qualify as bureaucratic indifference, and this delay weighs heavily against the State.

**{15}** The next delay involved a period of twenty-six days from April 27, to May 23, 2011, during which two judges were excused from the case. This delay of less than one month does not weigh against either party. *See State v. Benavidez*, 1999-NMCA-053, ¶ 35, 127 N.M. 189, 979 P.2d 234 ("We hold that the length of delay caused by the recusals, a period that appears to amount to less than one month, should not be allocated to either party but should be excluded from the speedy trial period."), *vacated on other grounds by* 1999-NMSC-041, 128 N.M. 261, 992 P.2d 274. Additionally, we defer to the district court finding that during this time "[t]he case proceeded normally" prior to the State's March 20, 2012 motion for continuance and therefore weigh the delay neutrally. *State v. Valencia*, 2010-NMCA-005, ¶ 18, 147 N.M. 432, 224 P.3d 659 ("[W]here a case moves toward trial with customary promptness, the period of time is to be weighed neutrally between the parties." (internal quotation marks and citation omitted)).

**{16}** We now analyze the first continuance caused by the State's delay in providing discovery. On March 20, 2012, two months beyond the presumptively prejudicial threshold and only eight days before the trial date, the State filed its first motion for continuance based on the purported amount of discovery. The State requested additional time in order to prepare for trial and give Defendant adequate discovery. On the same day, the State also filed an untimely notice of disclosure, 344 days after the arraignment. *See* Rule 5-501(A) NMRA (stating that, unless a shorter time period is ordered by the court, the state shall provide discovery within ten days after arraignment or the date of filing a waiver of arraignment). Prior to this filing, the State did not provide any other notice of disclosure to Defendant. While the State argues that Defendant concurred with this continuance and thus cannot complain of this delay, *State v. McCrary*, 1984-NMSC-005, ¶ 18, 100 N.M. 671, 675 P.2d 120, Defendant had no choice but to agree with the motion due to the late disclosure. *See Laney*, 2003-NMCA-144, ¶¶ 9, 19 (holding that a continuance caused by the state's negligence in failing to provide discovery weighs heavily against the state, even though the continuance was stipulated); *see also State v. Flores*, 2015-NMCA-081, ¶ 12, 355 P.3d 81 ("The [s]tate's duties under Rule 5-501(A) are not optional, nor are they triggered by Defendant's requests."). Because the State provided its disclosure eight days before trial and did not properly disclose or prepare for trial for twenty months from Defendant's arrest, we weigh this approximate five-month delay, March 28 to August 22, 2012, heavily against the State.

**{17}** The delay from August 22, 2012 to September 9, 2013, also weighs heavily against the State. On August 15, 2012, the State filed a motion for continuance to allow the co-defendants to complete the screening process for the preprosecution diversion program. The State informed the district court that it "cannot imagine . . . that [the defendants] would not

5

be accepted in the program." The co-defendants were not admitted into the program until September 9, 2013—the trial date. In other words, it took over a year for the co-defendants to be accepted. The district attorney decides whether to divert a person into the preprosecution diversion program. *See* § 31-16A-7. The State does not even attempt to provide an excuse to justify the delay in the co-defendants' acceptance. This delay is beyond mere negligence and therefore weighs heavily on the State. *See Taylor*, 2015-NMCA-012, ¶ 25 (recognizing that the delay weighs heavily against the state when the cause of the delay is more than mere negligence).

{18}     The State yet again caused a delay of approximately two months from September 10 to November 19, 2013, because of late disclosure. After the district court reset the trial date and a motion hearing was held on September 9, 2013, Defendant requested a continuance because the State disclosed one witness statement the week prior to the trial date and three witness statements the day before the scheduled trial. At the motion hearing, the State admitted that the late disclosure resulted from its own negligence. Although Defendant requested the continuance, it was the State's inexcusable late disclosure that made it necessary for Defendant to ask for this continuance. *See State v. Ochoa*, 2014-NMCA-065, ¶ 11, 327 P.3d 1102 (holding that the delay resulting from defendant's motion for continuance weighs against the state because the defendant's expert had insufficient time to make their report due to the postponement of the interviews from the state's witnesses), *cert. granted*, 2014-NMCERT-006, 328 P.3d 1188. We also weigh this delay heavily against the State. *See Laney*, 2003-NMCA-144, ¶ 19.

{19}     Finally, there was a delay of approximately six months from November 19, 2013 to May 19, 2014. The State filed a continuance on November 12, 2013, because its assigned counsel had resigned and no other attorney could be prepared to present its case on the trial date. After the district court granted the continuance, the court then also vacated the trial date because he had to attend to other business. The new trial was scheduled on May 19, 2014. These delays are administrative and weigh against the State but not heavily. *State v. Lujan*, 2015-NMCA-032, ¶ 15, 345 P.3d 1103.

{20}     On balance, over twenty-seven months out of a forty-six-month delay weigh heavily against the State. On this basis, we hold that the reasons for the delay weigh heavily against the State.

## C.     Assertion of the Right

{21}     In examining this third factor under *Barker*, "we assess the timing of the defendant's assertion and the manner in which the right was asserted." *Garza*, 2009-NMSC-038, ¶ 32. We therefore "accord weight to the frequency and force of the defendant's objections to the delay[,]" and further "analyze the defendant's actions with regard to the delay." *Id.* (internal quotation marks and citation omitted).

{22}     Here, Defendant asserted his right four times in a forty-six-month period. *See Flores*,

6

2015-NMCA-081, ¶ 32 (holding that the defendant adequately asserted his right when he gave at least four assertions in a sixty-two-month period). Defendant objected to the State's two separate motions for continuances, specifically asserting that the delay would violate the speedy trial right. The other two assertions were in a motion to dismiss for violation of the speedy trial right and an oral assertion at a motion hearing. *See Lujan*, 2015-NMCA-032, ¶ 18 ("New Mexico courts, however, have concluded that a motion to dismiss based on speedy trial grounds is an assertion of the right that is weighed against the government."). While the State argues that Defendant's first assertion and the assertions regarding the motions to dismiss were untimely, it concedes—and we agree—that these assertions still weigh in Defendant's favor. *See Garza*, 2009-NMSC-038, ¶ 32 (holding that the right to a speedy trial is so fundamental in nature that even the failure to assert does not constitute a waiver). Moreover, we are aware that Defendant concurred with the State's first continuance and requested a continuance himself; however, we believe that these actions should not be held against Defendant when the State caused the delays by its inexcusable late disclosure either mere days or the day before the trial date. *See Taylor*, 2015-NMCA-012, ¶¶ 13, 14, 18 (concluding that the defendant did not acquiesce in the delay caused by the state, even though the defendant filed a motion for continuance). Accordingly, we conclude that Defendant asserted his right and this further weighs in his favor.

### D.    Prejudice

**{23}**    Under the fourth and final factor, "a defendant must show particularized prejudice of the kind against which the speedy trial right is intended to protect." *Garza*, 2009-NMSC-038, ¶ 39. In order to demonstrate a particularized prejudice, the United States Supreme Court has stated that the right to a speedy trial was designed: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*. ¶ 35 (internal quotation marks and citation omitted). In regards to the first and second types of prejudice, "we weigh this factor in the defendant's favor only where the pretrial incarceration or the anxiety suffered is undue." *Id.* "[W]ithout a particularized showing of prejudice, we will not speculate as to the impact of pretrial incarceration on a defendant or the degree of anxiety a defendant suffers." *Id.*

**{24}**    Defendant argues only that the particular prejudice he suffered was undue anxiety, relying on his affidavit attached as an exhibit to his second motion to dismiss for speedy trial violation. The district court did not consider the affidavit because it was not admitted into evidence at the hearing. However, we conclude the affidavit—attached to the motion as an exhibit—can properly be considered. *See* Rule 5-120(D) NMRA ("Affidavits, statements, depositions[,] or other documentary evidence in support of the motion may be filed with the motion."). We therefore examine the affidavit to determine whether Defendant has established prejudice.

**{25}**    In his affidavit, Defendant asserted that the unresolved case caused loss of employment, and an inability to work in his field or to obtain other avenues of work,

together with severe financial difficulties. Defendant stated that his wife and children were fired from their jobs, which they had held for years; that his clients from previous years had taken their business to other companies because the case had taken so long to reach an outcome; that the restrictions imposed during this case prevented him from working in his field; that no company he applied to would hire him while the case was pending, including fast-food restaurants; that he was denied unemployment benefits due to the pending case, culminating in $26,000 in lost benefits; that the New Mexico government would not process his yearly tax refunds as a result of the on-going case; that he had to sell his families' cars, furniture, jewelry, and sentimental possessions to survive; that his house was repossessed and his savings and retirement accounts depleted; and that he had been evicted from a place that he was renting.

**{26}** Defendant also asserted that many of his family members "ostracized" his family and himself for the past five years and that his brother will not speak with him until this case is resolved due to the brother's employer—a large banking institution—advising against any communication to preclude any possible testimony from the brother. Due to these continuances, Defendant stated that he has sought a therapist to cope with the stress and contemplated suicide to end his anxiety.

**{27}** The State relies on *Spearman* for the proposition that alleged prejudice must occur from the delay beyond the presumptively prejudicial threshold, and not arise from the original indictment. We rejected this argument in *Vigil-Giron*:

> We do not believe that the *Spearman* Court's statement was intended to espouse a principle that prejudice suffered after the indictment but prior to the speedy trial triggering date has no bearing on our analysis. Rather, insofar as the *Spearman* Court was focused on the question whether the allegations of prejudice could be substantiated by evidence, we believe the Court's statement was intended to convey that the defendant must prove with specificity whether and how he was prejudiced by the pending charges.

*Vigil-Giron*, 2014-NMCA-069, ¶ 50.

**{28}** Defendant lost his ability to work in his field or obtain other employment, exhausted his financial resources and lost his home, and was ridiculed by numerous family members. Defendant was also deprived of his association with his brother and Defendant considered suicide as a remedy to his situation. This anxiety was exactly the type of prejudice that the speedy trial right was designed to prevent. *See id.* ¶ 56 ("[The d]efendant's anxiety, loss of employment, continued inability to find work, and the public humiliation that she suffered as a result of the pending indictment are forms of prejudice that the speedy trial right is intended to curtail."); *Spearman*, 2012-NMSC-023, ¶ 37 (recognizing that an "[a]rrest is a public act that may seriously interfere with the defendant's liberty . . . and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends" (internal quotation marks and

8

citation omitted)); *Salandre v. State*, 1991-NMSC-016, ¶ 18, 111 N.M. 422, 806 P.2d 562 (recognizing that the speedy trial right "protects against interference with a defendant's liberty, disruption of employment, curtailment of associations, subjection to obloquy, and creation of undue anxiety").

**{29}** The State argues that other factors in Defendant's personal life caused the anxiety, but it neither cites to any evidence in the record to justify its argument, nor did it submit any evidence in response to Defendant's renewed motion to dismiss for speedy trial violation. Defendant established particular prejudice, and we weigh this factor in favor of Defendant. Yet, we need not determine the weight to be given in Defendant's favor due to our analysis on the other factors. *See Garza*, 2009-NMSC-038, ¶ 39 ("[I]f the length of delay and the reasons for the delay weigh heavily in defendant's favor and defendant has asserted his right and not acquiesced to the delay, then the defendant need not show prejudice for a court to conclude that the defendant's right has been violated.").

**E.     Balancing Test**

**{30}** The length of the delay of forty-six months was over double the amount of time necessary to cross the presumptively prejudicial threshold and weighs heavily against the State. The majority of the delay was caused by the State's bureaucratic indifference, inexcusably late disclosures, and late acceptance of the co-defendants into the preprosecution diversion program. These reasons for the delay weigh heavily against the State. Defendant also properly asserted his right to speedy trial and did not acquiesce in the delay. Even without the prejudice factor weighing in favor of Defendant, as it does here, the weight of the first three factors in *Barker* demonstrate that Defendant's constitutional right to a speedy trial has been violated.

**III.     CONCLUSION**

**{31}** The order of the district court is reversed, we remand the case to the district court to vacate Defendant's convictions, and for dismissal of the indictment with prejudice.

**{32}     IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**

9