This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**VIGIL (Kiehne & French, part.)**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. A-1-CA-35963**

**LESHEENA JACQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Laurie Blevins, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}    Defendant Lesheena Jacquez conditionally pleaded no contest to charges of armed robbery, in violation of NMSA 1978, Section 30-16-2 (1973), and unlawful taking of a motor vehicle, in violation of NMSA 1978, Section 30-16D-1 (2009), reserving her right to appeal the district court's denial of her motion to dismiss on speedy trial grounds. We affirm.

**I.    BACKGROUND**

{2}    Defendant was arrested on November 1, 2013, on charges of armed robbery, robbery, conspiracy to commit armed robbery, unlawful taking of a vehicle or motor vehicle, tampering with evidence, aggravated battery with a deadly weapon, and battery. Defendant waived a preliminary hearing on November 14, 2014, and the State filed a criminal information on January 28, 2014. After the criminal information was filed, but before February 10, 2014, Defendant was released "to federal authorities who presented the [San Juan County] Detention Center with a [f]ederal [w]rit of [h]abeas [c]orpus ad [p]rosequendum" for charges of "homicide and associated crimes occurring on the Navajo Reservation." Until Defendant's waiver of arraignment on July 15, 2014, the district court continued her arraignment three times because Defendant was in federal custody. During the last setting for Defendant's arraignment, April 21, 2014, neither party knew her whereabouts because federal authorities said she was in the Sandoval County

Detention Center, but officials at the Sandoval County Detention Center said she was not there. Consequently, the district court issued a warrant for Defendant's arrest. At a status conference on October 6, 2014, defense counsel confirmed Defendant was in federal custody. Additionally, while he did not anticipate going to trial in this case, counsel requested the district court set a date for trial. The district court set December 16, 2014, as the date of trial.

{3}     Upon the State's petition, the district court, on November 21, 2014, issued a writ of habeas corpus ad prosequendum "command[ing the United States Marshall for the District of New Mexico] to release the body of [Defendant] . . . to the San Juan County Sheriff's Department to transport [Defendant] . . . for a [j]ury [t]rial." The prosecutor assigned to Defendant's federal case refused to release Defendant into the State's custody "because she [was] pending sentencing in [the] federal case against her and [was] a witness in another pending federal case." As a result, the State, without opposition, requested the district court vacate the trial setting and continue the case. The district court granted the State's motion and scheduled a jury trial on March 2, 2015. On February 18, 2015, the State, citing the federal prosecutor's "request[] that they be permitted to complete further proceedings in the pending federal matters prior to" releasing Defendant into the State's custody, as well as the need to assign new counsel for the State, requested another continuance. The district court granted the State's unopposed motion and

3

scheduled a jury trial on July 1, 2015. The State again sought a continuance on June 30, 2015, because of Defendant's federal case. Defense counsel "concur[red] with this motion[,]" and the district court granted it.

{4} During four subsequent pretrial settings in July, October, November 2015, and January 2016, the State confirmed Defendant was awaiting sentencing in her federal case and the federal authorities would not release Defendant into the State's custody until then. In the October 2015 setting, defense counsel requested the district court set the matter for trial so as to secure Defendant's release "sooner rather than later." In January 2016, defense counsel again requested the district court set the matter for trial. The district court agreed and scheduled a jury trial on March 30, 2016. That same day, defense counsel moved to dismiss for lack of speedy trial, arguing the two years of delay, the State's continuances, and Defendant's prolonged incarceration violated her right to a speedy trial. The district court denied Defendant's motion. To avoid repetition, the specific findings of fact and conclusions of law in the district court's order are developed in our discussion below.

{5} On March 28, 2016, the State requested a continuance, citing the federal authorities' refusal to release Defendant into the State's custody. The State did not confirm whether Defendant opposed its motion, which the district court ultimately granted. On May 24, 2016, the district court, upon the State's petition, again issued

4

a writ of habeas corpus ad prosequendum, commanding the United States Marshall to release Defendant into the State's custody so she could be brought to trial. However, federal authorities would not agree to return Defendant, and the State filed a motion for a continuance, which defense counsel opposed. The district court granted the State's motion and scheduled a trial on August 3, 2016. Upon another petition from the State, the district court issued a writ of habeas corpus ad prosequendum on July 18, 2016. Although unclear, it appears from the booking sheet that Defendant was released into the State's custody on July 28, 2016. On August 2, 2016, Defendant conditionally pleaded no contest to armed robbery and unlawful taking of a motor vehicle.

## II.    DISCUSSION

**{6}** Defendant appeals, arguing her right to a speedy trial was violated. "In a criminal prosecution, the accused is constitutionally entitled to a speedy trial." *State v. Castro*, 2017-NMSC-027, ¶ 15, 402 P.3d 688. "The right to a speedy trial is unique in that it balances two separate interests: (1) preventing prejudice to the accused, and (2) protecting societal interests in bringing the accused to trial." *Id.* "Whether a defendant has been deprived of the right requires a case-by-case analysis." *State v. Dorais*, 2016-NMCA-049, ¶ 20, 370 P.3d 771. In analyzing a defendant's speedy trial claim, we assess "the four factors presented by the United States Supreme Court in *Barker* [*v. Wingo*, 407 U.S. 514 (1972)] and adopted by

New Mexico courts: (1) the length of delay in bringing the case to trial, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Castro*, 2017-NMSC-027, ¶ 16 (alterations, internal quotation marks, and citation omitted). "Each of these factors is weighed either in favor of or against the state or the defendant, and then balanced to determine if a defendant's right to a speedy trial was violated." *State v. Brown*, 2017-NMCA-046, ¶ 13, 396 P.3d 171 (alteration, internal quotation marks, and citation omitted). No single factor is "a necessary or sufficient condition to the finding of a violation of the right to a speedy trial." *Id.* (alteration, internal quotation marks, and citation omitted). "Rather they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* (internal quotation marks and citation omitted). "In our review of a speedy trial ruling, this Court must give deference to the district court's factual findings, but we review the weighing and the balancing of the *Barker* factors de novo." *Brown*, 2017-NMCA-046, ¶ 13 (internal quotation marks omitted).

## A.    Length of Delay

{7}    "The 'length of delay' factor . . . acts as a threshold triggering mechanism used to determine whether the delay is 'presumptively prejudicial' so as to continue with a full speedy trial analysis." *Id.* ¶ 14. "If the delay crosses the 'presumptively prejudicial' threshold, a speedy trial analysis is warranted." *Id.* "A

6

delay is presumptively prejudicial if the delay exceeds . . . fifteen months for a case of intermediate complexity[.]" *Id.* (alteration, internal quotation marks, and citation omitted). The parties agree this case was of intermediate complexity, and the State also agreed that the delay of approximately thirty-four months exceeded the fifteen-month threshold. The length of delay here being nineteen months beyond the threshold for presumptive prejudice, we weigh this delay heavily in Defendant's favor. *See State v. Montoya*, 2015-NMCA-056, ¶ 15, 348 P.3d 1057 (holding that a delay of twelve months beyond the presumptive threshold in a case of intermediate complexity weighs moderately to heavily in the defendant's favor); *see also State v. Moore*, 2016-NMCA-067, ¶ 11, 378 P.3d 552 ("[W]e have stated that a delay approximately twice as long as the threshold weighs heavily against the [s]tate.").

**B.    Reasons for Delay**

{8}    "Closely related to the length of delay is the reason the [state] assigns to justify the delay." *Brown*, 2017-NMCA-046, ¶ 18 (alteration, internal quotation marks, and citation omitted). "The reasons for a period of the delay may either heighten or temper the prejudice to the defendant caused by the length of the delay." *State v. Garza*, 2009-NMSC-038, ¶ 25, 146 N.M. 499, 212 P.3d 387 (internal quotation marks and citation omitted). There are four types of delay: (1) "intentional delay" is the state's "deliberate attempt to delay prosecution of the

7

case in order to hamper the defense . . . [and] weighs heavily against the state"; (2) "negligent or administrative delay" weighs more lightly against the state, but weighs more heavily against the state as the length of the delay increases; (3) "[delay] justified for valid reasons," is neutral and does not weigh against the state; and (4) "delay caused by the defense" is weighed against the defendant. *Brown*, 2017-NMCA-046, ¶ 18 (alteration, internal quotation marks, and citations omitted).

{9}     We conclude the approximately three months from Defendant's arrest on November 1, 2013, to her indictment on January 28, 2014, is to be weighed against the State. *See State v. Valencia*, 2010-NMCA-005, ¶ 20, 147 N.M. 432, 224 P.3d 659 (weighing the time from arrest to indictment against the state). With regard to the time in which Defendant was in federal custody, the district court ruled the State was neither negligent, deliberate, nor intentional in delaying prosecution of the case. The district court found "[t]he State did not choose to relinquish custody of . . . Defendant to federal authorities because it was offered no option to do otherwise. It exercised diligence in seeking the return of . . . Defendant, but those efforts proved futile." It concluded that this time "constitute[d] a 'valid reason' for the delay[,] justifying it as an appropriate delay." We agree with the district court that the time during which Defendant was in federal custody constitutes a valid reason for delay, and we weigh this period of delay neutrally. *See State v. Harvey*,

8

1973-NMCA-080, ¶ 9, 85 N.M. 214, 510 P.2d 1085 (quoting *Smith v. Hooey*, 393 U.S. 374, 383 (1968), for the proposition that the state has "a constitutional duty to make a diligent, good faith effort to bring [the defendant] before the [state court] for trial" when the defendant is in federal custody); *see also Brown*, 2017-NMCA-046, ¶ 18 (holding that delay justified for valid reasons is neutral and does not weigh against the state).

{10}    In sum, approximately thirty and one-half of the approximately thirty-four months of delay in this case are weighed neutrally, with the remaining approximately three months weighing against the State. Overall, the reasons for the delay weigh slightly in Defendant's favor.

**C.    Assertion of the Right**

{11}    "The timeliness and vigor with which the right to a speedy trial is asserted may be considered as an indication of whether a defendant was denied the right to a speedy trial over his objection or whether the issue was raised on appeal as an afterthought." *Brown*, 2017-NMCA-046, ¶ 29 (alterations, internal quotation marks, and citation omitted). Consequently, "appellate courts assess the timing of the defendant's assertion and the manner in which the right was asserted[,] . . . [weighing] the frequency and force of the defendant's objections to the delay and analyz[ing] the defendant's actions with regard to the delay." *Id.* (alteration, internal quotation marks, and citations omitted). "An early assertion of

9

the speedy trial right indicates the defendant's desire to have the charges resolved rather than gambling that the passage of time will operate to hinder prosecution." *Zurla v. State*, 1990-NMSC-011, ¶ 19, 109 N.M. 640, 789 P.2d 588, *modified on other grounds by Garza*, 2009-NMSC-038, ¶¶ 21-22.

{12} Defendant first asserted her right to a speedy trial when counsel filed the motion to dismiss on January 11, 2016. The timing of this assertion weighs against Defendant. Defendant had the opportunity to assert her speedy trial right on several occasions in the two years since her arrest. Instead, defense counsel either did not object to or concurred with the State's motions for continuances. Moreover, defense counsel notified the district court that he did not anticipate going to trial in this case. Under these circumstances, we conclude Defendant's assertion of her speedy trial right does not weigh in her favor.

**D.    Prejudice**

{13} "The heart of the speedy trial right is preventing prejudice to the accused." *Brown*, 2017-NMCA-046, ¶ 33 (internal quotation marks and citation omitted). "The United States Supreme Court has identified three interests under which we analyze prejudice to the defendant: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Garza*, 2009-NMSC-038, ¶ 35 (internal quotation marks and citation omitted). "Generally, the defendant has the burden of

10

proof to show 'particularized prejudice.' " *Brown*, 2017-NMCA-046, ¶ 33. "Because some degree of oppression and anxiety is inherent for every defendant who is jailed awaiting trial, the defendant bears the burden to establish that the pretrial incarceration or the anxiety suffered by the defendant is undue." *Id.* (alteration, internal quotation marks, and citation omitted).

**{14}** Defendant first argues she suffered prejudice in this case because her "extended time in federal custody" resulted in her being unable to appear at her own speedy trial motion hearing to testify and having limited contact with counsel. Although we may consider "the length of incarceration in determining whether there was oppressive pretrial incarceration[,]" *State v. Ochoa*, 2017-NMSC-031, ¶ 52, 406 P.3d 505, Defendant was held in federal custody on unrelated, federal charges. Therefore, Defendant was not prejudiced in this case by her pretrial incarceration on the federal charges. *Cf. State v. Maddox*, 2008-NMSC-062, ¶ 32, 145 N.M. 242, 195 P.3d 1254 (concluding that "[the d]efendant was not subject to pretrial incarceration because he was already incarcerated in Florida on different charges"), *abrogated on other grounds by Garza*, 2009-NMSC-038, ¶¶ 47-48; *State v. Urban*, 2004-NMSC-007, ¶ 17, 135 N.M. 279, 87 P.3d 1061 ("[The d]efendant was incarcerated on other charges and thus, despite the delay, was not subject to oppressive pretrial incarceration."), *abrogated on other grounds by Garza*, 2009-NMSC-038, ¶¶ 47-48.

11

{15} Alternatively, Defendant argues she does not need to show prejudice as it can be presumed given the length of delay in this case. In making this argument, Defendant relies on *Doggett v. United States*, 505 U.S. 647, 655, 657-58 (1992) (concluding that the defendant suffered presumptive prejudice because of the eight and one-half years of delay in his case), *Ochoa*, 2017-NMSC-031, ¶ 57, ("[The d]efendant's two-year incarceration resulted in prejudice."), and *Garza*, 2009-NMSC-038, ¶ 39 ("[I]f the length of delay and the reasons for the delay weigh heavily in [the] defendant's favor and [the] defendant has asserted his right and not acquiesced to the delay, then the defendant need not show prejudice for a court to conclude that the defendant's right has been violated."). However, *Doggett* involved an extraordinary length of delay not present in this case, 505 U.S. at 657-58, while *Ochoa* involved the defendant's lengthy period of pretrial incarceration on the charges dealt with in that, and no other, case, 2017-NMSC-031, ¶ 6. Moreover, Defendant cannot prevail under *Garza* as the reasons for the delay do not weigh heavily in her favor and she acquiesced to the delay. We therefore agree with the district court and conclude Defendant did not make a sufficient showing of prejudice. As such, this factor does not weigh in Defendant's favor.

**E.      Balancing the *Barker* Factors**

{16} In sum, the length of delay weighs heavily in Defendant's favor, the reasons for delay weigh slightly in Defendant's favor, Defendant's assertion of her right

12

does not weigh in her favor, and Defendant has failed to show prejudice. Accordingly, we conclude that Defendant's right to a speedy trial was not violated. *See Garza*, 2009-NMSC-038, ¶ 40 (concluding the defendant's right to a speedy trial was not violated when he failed to show prejudice and the other factors did not weigh heavily in his favor); *State v. Gallegos*, 2016-NMCA-076, ¶ 32, 387 P.3d 296 ("[E]ven in the absence of a showing of particularized prejudice, the state violates a defendant's constitutional right to a speedy trial when the defendant demonstrates that the length of delay and the reasons for the delay weigh heavily in the defendant's favor and the defendant has asserted his right and not acquiesced to the delay." (alterations, internal quotation marks, and citation omitted)).

## III. CONCLUSION

{17}    We affirm.

{18}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____

13

**EMIL J. KIEHNE, Judge**

14