This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38651**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**EMILY A. RUFFIN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellant

Dan Cron Law Firm, P.C.
Dan Cron
Kitren Fischer
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Following an October 2013 two-vehicle collision, Defendant Emily Ruffin was charged with homicide by vehicle, contrary to NMSA 1978, Section 66-8-101(A), (C) (2004, amended 2016), negligent use of a deadly weapon, contrary to NMSA 1978, Section 30-7-4 (1993), and other driving and alcohol-related offenses. Six years later, the district court granted Defendant's motion to dismiss, finding that Defendant's right to a speedy trial was violated. The State appeals, pursuant to NMSA 1978, Section 39-3-

3(B)(1) (1972). After a thorough review of the briefs, record proper, relevant case law, and the district court's order,[1] we adopt the reasoning outlined by the district court in its final order dated October 21, 2019, except as stated herein, and address the State's claims of error only briefly.

## DISCUSSION

{2}  In reviewing a speedy trial ruling, "we defer to the district court's factual findings that are supported by substantial evidence, but we independently review the record to determine whether a defendant was denied his speedy trial right and we weigh and balance the *Barker* [*v. Wingo*, 407 U.S. 514 (1972),] factors de novo." *State v. Flores*, 2015-NMCA-081, ¶ 4, 355 P.3d 81.

## A.     Length of Delay

{3}  The district court found, and both parties agree, that this is a complex case for purposes of speedy trial analysis. Given Defendant's vehicular homicide charge, and the anticipated testimony from at least three experts, "[w]e defer to the district court's finding of complexity." *State v. Ochoa*, 2017-NMSC-031, ¶ 15, 406 P.3d 505; *Flores*, 2015-NMCA-081, ¶ 6 (observing that district courts are in the best position to make complexity determinations). Therefore, the threshold for triggering a speedy trial analysis in this case was eighteen months from the date Defendant's speedy trial rights attached. *See State v. Garza*, 2009-NMSC-038, ¶ 2, 146 N.M. 499, 212 P.3d 387.

{4}  The district court found Defendant's "speedy trial rights attached upon her arrest," and therefore there was a seventy-three month delay from the date of Defendant's October 2013 arrest and November 2019 trial setting. Although the State concedes that the delay triggered the presumption of prejudice and that the length of delay is significant, the State challenges the event that triggered Defendant's speedy trial rights. The State contends that Defendant's speedy trial rights were not triggered by her arrest, but rather on the date of her March 2014 indictment, and therefore, the five month delay from arrest to indictment should not be included in the length of delay. We agree with the district court that the triggering date was the day of Defendant's arrest. The day after her arrest, Defendant posted a seventy-five thousand dollar bond, and the metropolitan court imposed conditions of release consistent with proceedings in a criminal case. Defendant was subject to conditions of release on the same charges from that date forward. We therefore conclude that Defendant's speedy trial rights attached upon her arrest and the impairment of her liberty. *See Salandre v. State*, 1991-NMSC-016, ¶ 15, 111 N.M. 422, 806 P.2d 562 (holding that the defendant became an accused upon arrest because his release on bond required restrictions on travel and required court appearances, and therefore sufficiently impaired the interests contemplated by the right to a speedy trial in the Sixth Amendment of the United States Constitution). And we agree with the district court that this factor weighs heavily against the State. *State v.*

---

[1] The district court's thirty-eight page order addressed the procedural facts of the case and speedy trial issue with exceptional detail. In light of this, and because the parties' familiarity with the facts is presumed, we do not recite the facts of the case.

*Serros*, 2016-NMSC-008, ¶ 24, 366 P.3d 1121 (holding that a delay of fifty-one months was extraordinary and therefore weighed heavily against the state and in the defendant's favor).

## B.      Reasons for Delay

**{5}**      The district court divided the seventy-three month delay into five periods: (1) from arrest in October 2013 to indictment in March 2014, (2) from March 2014 to the first trial setting in January 2015, (3) from January 2015 to the second trial setting in February 2016, (4) from February 2016 to completion of the State's interlocutory appeal in January 2019, and (5) from January 2019 to the third trial setting in November 2019. The district court found the first three periods weighed slightly against the State, the time on appeal weighed neutrally, and the fifth period weighed more heavily against the State. Overall, the district court weighed the length of the delay "more heavily against the State." We hold that the district court's conclusions are supported by substantial evidence, and agree that this factor weighs slightly to moderately against the State. We explain.

### 1.      Arrest to Indictment

**{6}**      Although the State challenges the inclusion of the first period in the overall time calculation, the State agrees that, if included, it should be classified as administrative delay and be weighed slightly against the State. Having concluded above that the district court properly included the first period in the length of delay, we agree with the district court that the almost five months it took the State to secure an indictment against Defendant should weigh slightly against the State as negligent or administrative delay. *See Garza*, 2009-NMSC-038, ¶ 28.

### 2.      Indictment to First Trial Setting

**{7}**      The State argues that the district court should have weighed this period neutrally because the case was moving with "customary promptness," and defense counsel did not enter an appearance until five months after indictment, filed standard pleadings late, and sought a continuance of the first trial setting to prepare and to take time off during the holidays. The district court observed that although the case initially "appeared to be moving with customary promptness" it also recognized that the defense moved for a continuance because the State had yet to fulfill its duty to provide full discovery to the defense. In our review of a speedy trial issue, we defer to the findings of fact of the district court if they are supported by substantial evidence in the record. *Flores*, 2015-NMCA-081, ¶ 4. On appeal, the State focuses on other reasons for the continuance and does not address the evidence supporting the district court's determination that discovery delays contributed to Defendant's overall need for a continuance. The district court's findings—that the State had yet to locate and make available the two vehicles involved in the collision for inspection to the defense, had not provided the defense with a copy of Defendant's breath alcohol test results, the Office of the Medical Investigator (OMI) report had yet to be amended, and pretrial interviews were not taking place—are

supported by substantial evidence in the record. We conclude that the State failed to meet its burden of demonstrating why this period of delay was "both inevitable and wholly justifiable," and that the case "moved toward trial with customary promptness." *State v. Parrish*, 2011-NMCA-033, ¶ 23 149 N.M. 506, 252 P.3d 730 (internal quotation marks and citation omitted). We therefore agree with the district court's conclusion that this period of delay was administrative or negligent in nature, and that it weighs slightly against the State.

### 3.    First Trial Setting to Second Trial Setting

**{8}**     The district court found that this thirteen-month period weighed slightly against the State as administrative or negligent delay. The State argues the district court should have weighed this period neutrally because both parties were preparing for trial during this time, Defendant asked for the continuance for personal reasons, and Defendant waived her speedy trial right until the next trial setting. The district court gave little weight to Defendant's waiver, both because Defendant stated in an affidavit that she did not authorize the waiver and because a defendant should not have to choose between an adequate defense and a speedy trial.[2] Further, the district court found there was a continued lack of diligence from the State in providing discovery and responding to requests for pretrial interviews. Finally, the district court found that a portion of the delay was due to "the case management order and the implementation of LR2-400 [NMRA[3]]" and the reassignment to a new judge, which is classified as administrative delay and weighed slightly against the State. *See Garza*, 2009-NMSC-038, ¶ 29.

**{9}**     Substantial evidence supports the district court's findings. Defendant showed repeated attempts to schedule interviews and prepare for trial during this period, and the State again fails to address the district court's determination that the delay was caused in part by the appearance "that the State was not diligent in responding to requests for interviews and discovery." *See Parrish*, 2011-NMCA-033, ¶ 23 (stating that the state carries the burden to explain why a delay was justified). Therefore, we conclude that the district court did not err in weighing this time period slightly against the State. *See Flores*, 2015-NMCA-081, ¶¶ 11-12.

### 4.    Interlocutory Appeal

**{10}**     The district court weighed the period from the State's notice of interlocutory appeal to this Court's mandate neutrally. *See State v. Samora*, 2016-NMSC-031, ¶ 16, 387 P.3d 230 (weighing appellate delay neutrally after consideration of various factors). The parties agree with this assessment, and we perceive no error as to this period of delay.

### 5.    Remand From This Court to the Third Trial Setting

---

2The State did not object to the admission of Defendant's affidavit at the speedy trial hearing.
3Pursuant to Supreme Court Order No. 16-8300-015, former LR2-400 (2014) was recompiled and amended as LR2-308 NMRA, effective December 31, 2016.

**{11}** Finally, the State argues that the district court weighed this time period too heavily against the State because this ten-month delay was not unduly protracted and did not directly result from the State's inaction, but was instead caused by the district court's busy docket. The district court found this period of delay was protracted in light of the length of time that had already passed since Defendant's arrest, the continued failure of the State to produce the remaining discovery and ask for a court ruling on the admissibility of its expert's testimony, and the failure of the State to take any action at all for the first four months of this period. The court concluded that the delay constituted bureaucratic indifference and weighed it more heavily against the State. We agree.

**{12}** As the district court observed, the State was notified the day the case was remanded from the Court of Appeals, but took no action to obtain a trial setting until the district court set a scheduling conference in May 2019 and the State had yet to provide outstanding discovery that the Defendant requested in 2016. "Intermediate categories of delay, such as bureaucratic indifference or failure to take reasonable means to bring a case to trial, are considered more culpable and weigh more heavily against [the government], especially if the defendant has sought to safeguard his rights." *State v. Laney*, 2003-NMCA-144, ¶ 17, 134 N.M. 648, 81 P.3d 591.

### 6.      Weighing the Reasons for Delay

**{13}** Ultimately, in assessing the reasons for delay, the district court concluded that, of the total seventy-three months of the case, "approximately [thirty-eight] months weigh against the State as a result of negligent or administrative delay," and "the last [ten] months [of those thirty-eight months] weighs a little more heavily." For the reasons stated above, we agree that the reasons for the approximately thirty-eight-month delay weighs against the State.

### C.      Assertion of Right

**{14}** The State argues that the district court erred in weighing this factor heavily against the State because Defendant's assertions were not timely, Defendant requested a continuance that ultimately delayed the case, and Defendant's speedy trial waiver should lessen the weight against the State, even if Defendant did not authorize counsel to waive her speedy trial rights. The district court found that Defendant had asserted her right to a speedy trial. The district court explained that Defendant did not waive her speedy trial rights by requesting a continuance to prepare a defense when the State acted slowly in providing evidence, and that Defendant did not authorize her counsel to waive the right on her behalf. We agree with the district court that a defendant should not be required to choose between their speedy trial and an adequate defense, and therefore the continuance did not weaken Defendant's assertion. *See Ochoa*, 2017-NMSC-031, ¶ 44. However, we disagree that this factor weighs heavily against the State. Rather, we hold that this factor weighs only moderately in Defendant's favor.

**{15}** The district court found that Defendant asserted her right to a speedy trial "orally at various hearings," and Defendant states she asserted the right "in writing and orally

on the record an estimated [ten] times" on appeal and below. However, both the district court and Defendant fail to indicate at what hearings Defendant asserted the right.[4] Based on our review of the record, Defendant first asserted her speedy trial right during the interlocutory appeal in July 2017, and first asserted the right at the district court when moving to review the conditions of release in March 2018. Although the assertions made from July 2017 onward were clear assertions of her right to a speedy trial, Defendant's delay in timely and forcefully doing so lessens the weight in Defendant's favor. *State v. Maddox*, 2008-NMSC-062, ¶ 31, 145 N.M. 242, 195 P.3d 1254, *abrogated on other grounds by Garza*, 2009-NMSC-038, ¶¶ 47-48. Therefore, we agree this factor weighs against the State, but only moderately.

## D.    Prejudice

**{16}**    The State argues that the district court improperly weighed the fourth factor in Defendant's favor because the prejudice Defendant suffered was standard to a pending criminal case, and that particularized prejudice was not supported by evidence. The district court extensively discussed documents from Defendant's therapist, medical doctor, domestic partner, and her own statements documenting Defendant's high levels of undue anxiety, severe financial difficulties, and loss of business. Further, the district court noted that "the State failed to challenge Defendant's affidavits or medical note and opted not to question Defendant's psychologist at the hearing, even though defense counsel made him available." These findings are supported by substantial evidence in the record. The district court correctly focused on the duration of the anxiety to determine if the prejudice was undue. *See State v. Montoya*, 2015-NMCA-056, ¶ 31, 348 P.3d 1057 ("We further conclude that this prejudice was actual, particularized, and that it may be considered undue because it continued for an unacceptably long period." (internal quotation marks and citation omitted)).

**{17}**    Further, the district court found that Defendant was prejudiced by the loss of one of her expert witnesses because the expert was no longer able to testify, Defendant had already paid the expert, and finding another expert quickly enough for trial would be difficult. The district court also found prejudice from the continued failure of the State to produce the second OMI report since 2016. The State argues that any prejudice related to Defendant's expert witness retiring was minimal because of the availability of other experts, and there was no prejudice from failure to produce the second OMI report because the report was not exculpatory. However, as we understand, the second OMI report has yet to be produced. Consequently, the State's assertion that the report is not exculpatory is not supported by the record. We therefore defer to the findings of the district court because they are supported by substantial evidence in the record, and we agree that this factor weighs against the State.

## E.    Balancing the *Barker* Factors

---

[4]Our record includes only audio and transcripts from the May 8, 2018, hearing on modifying conditions of release and the May 20, 2019, status conference. Further, our record includes the transcript from the October 10, 2019, hearing on Defendant's motion to dismiss. No other transcripts were designated.

**{18}** Finally, the State argues that the district court improperly balanced the *Barker* factors because Defendant contributed to the delay, and because Defendant failed to establish the necessary element of prejudice. Having previously concluded that Defendant showed particularized prejudice, we disagree. The district court's findings are supported by substantial evidence. As for the first three *Barker* factors, the district court weighed these factors in Defendant's favor because "[seventy-three] months is more than four times the amount of time necessary to cross the presumptively prejudicial threshold"; "[t]he majority of the delay was caused by negligent and administrative delay with a significant portion caused by bureaucratic indifference"; and "Defendant also properly asserted her right to speedy trial and did not acquiesce in the delay." We agree with the district court's conclusion that, upon balancing the *Barker* factors, Defendant's right to a speedy trial was violated.

**CONCLUSION**

**{19}** For the reasons stated above, based upon our own independent review of the record proper, relevant case law, and the reasoning set forth in the district court's order, we affirm the district court's order granting Defendant's motion to dismiss based on the violation of her speedy trial rights.

**{20}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**