This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40134**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellant,

v.

**DIANDRA SMITH,**

　　　Defendant-Appellee.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosemary Cosgrove-Aguilar, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellant

Glenn Smith Valdez
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** The State appeals the metropolitan court's order granting Defendant Diandra Smith's speedy trial motion and dismissing the case with prejudice.[1] The State argues that much of the delay was attributable to Defendant and the COVID-19 health crisis,

---

[1]The State charged Defendant with driving under the influence (open count) (misdemeanor), contrary to NMSA 1978, Section 66-8-102 (2016), speeding, contrary to NMSA 1978, Section 66-7-301 (2015), and driver's license not in possession, contrary to NMSA 1978, Section 66-5-16 (2018). The State voluntarily dismissed the last charge.

and that Defendant failed to demonstrate prejudice. We agree with the State; Defendant failed to put on evidence of particularized prejudice and two of the three remaining *Barker* factors—assertion of the right and reasons for delay—do not weigh heavily in Defendant's favor. *See State v. Garza*, 2009-NMSC-038, ¶¶ 13, 40, 146 N.M. 499, 212 P.3d 387 (listing the factors in *Barker v. Wingo*, 407 U.S. 514 (1972), and holding that the defendant's speedy trial rights were not violated when the first three factors weighed in his favor to some degree, but he failed to put on evidence of particularized prejudice). Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## DISCUSSION

**{2}** The Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution establish an accused's right to a speedy trial. To determine whether the right has been violated, New Mexico courts apply the *Barker* balancing test to the particular facts and circumstances of the case. *Garza*, 2009-NMSC-038, ¶ 13. Under the *Barker* framework, courts weigh the conduct of both the prosecution and the defendant under the guidance of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness and manner in which the defendant asserted the speedy trial right; and (4) the particular prejudice that the defendant actually suffered. *Id.* Although we usually defer to the court's findings of fact when reviewing a ruling on a speedy trial violation, the court made no such findings before granting the motion to dismiss. Therefore, we weigh and balance the *Barker* factors de novo. *State v. Serros*, 2016-NMSC-008, ¶ 20, 366 P.3d 1121. Further, we consider the circumstances of the particular case, because the right to speedy trial does not lend itself to "inflexible, bright-line approaches." *Garza*, 2009-NMSC-038, ¶ 13.

## I. Length of Delay

**{3}** Length of delay serves "as a threshold triggering mechanism used to determine whether the delay is presumptively prejudicial so as to continue with a full speedy trial analysis." *State v. Brown*, 2017-NMCA-046, ¶ 14, 396 P.3d 171 (text only) (citation omitted). "A delay is presumptively prejudicial if the delay exceeds twelve months for a simple case." *Id.* (text only) (citation omitted). "If the delay crosses the presumptively prejudicial threshold, a speedy trial analysis is warranted." *Id.* (text only) (citation omitted).

**{4}** The parties do not dispute that this is a simple case. Therefore, the forty-four-month delay in this case—spanning the date from Defendant's arrest on February 23, 2018, through the dismissal with prejudice on November 1, 2021—is thirty-two months beyond the presumptively prejudicial benchmark and weighs heavily against the State. *See Garza*, 2009-NMSC-038, ¶ 48 ("[W]e adopt one year as a benchmark for

determining when a simple case may become presumptively prejudicial."); *see id.* ¶ 24 ("[T]he greater the delay the more heavily it will potentially weigh against the [s]tate.").

## II.     Reasons for Delay

{5}      The parties agree on the periods of delay but dispute the reasons for them. We note that the reasons for delay are "[c]losely related" to the length of delay and those reasons "may either heighten or temper the prejudice to the defendant caused by the length of the delay." *Id.* ¶ 25 (internal quotation marks and citations omitted). We consider and "weigh the reasons for delay in each . . . period[] separately." *State v. Maddox*, 2008-NMSC-062, ¶ 13, 145 N.M. 242, 195 P.3d 1245, *abrogated on other grounds by Garza*, 2009-NMSC-038, ¶¶ 47-48. Thus, we examine the periods of delay in some detail as follows.

{6}      The five-and-a-half-month period between Defendant's arrest on February 23, 2018, and the first trial setting on August 7, 2018, when "the case proceeded with customary promptness," weighs neutrally. *See State v. Moreno*, 2010-NMCA-044, ¶ 13, 148 N.M. 253, 233 P.3d 782. The next nine months—from August 7, 2018 to May 1, 2019—are due to Defendant's requests for continuances and untimely filed pretrial motions, and weigh against Defendant. *See State v. Fierro*, 2012-NMCA-054, ¶ 40, 278 P.3d 541 (noting the general rule that delays sought or caused by defense counsel are ordinarily attributed to the defendant). The parties stipulate that the one-month period between May 1, 2019 and June 4, 2019, weighs neutrally because Deputy Jessen was unavailable due to training on the day of trial. *See State v. Samora*, 2016-NMSC-031, ¶ 11, 387 P.3d 230 ("[A]ppropriate delay, justified for a valid reason, such as a missing witness, is neutral and does not weigh against the [s]tate." (internal quotation marks and citation omitted)).

{7}      The period from June 4, 2019 to July 24, 2019, also weighs neutrally because after a pretrial motion hearing, the parties and the court agreed it was too late in the day to begin the jury trial. *See id.* The seven-week period from July 24, 2019 to September 11, 2019, though weighs against Defendant because of her request for a continuance. *See Fierro*, 2012-NMCA-054, ¶ 40. The approximately two-and-a-half-month period from September 11, 2019 to November 20, 2019, weighs slightly against the State as negligent delay due to its request for a last minute continuance caused again by Deputy Jessen's unavailability. *See State v. Spearman*, 2012-NMSC-023, ¶ 25, 283 P3d 272 ("Negligent or administrative delay is weighed against the [s]tate, since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant, but such a reason is not weighed heavily." (internal quotation marks and citation omitted)). The next two-month delay to January 22, 2020, caused by the court's busy docket, weighs slightly against the State as administrative delay. *See Garza*, 2009-NMSC-038, ¶ 29 ("This delay falls within the administrative burdens on the criminal justice system, such as overcrowded courts congested dockets or the unavailability of judges, or an understaffed prosecutor's office." (citations omitted)) Next, the metropolitan court provided two months, from January 22, 2020 to March 18, 2020, for the parties to brief the issue of jury trial eligibility after the State took the position that

Defendant was not eligible for a jury trial. Defendant contends that this period should weigh heavily against the State because "[h]ad the State examined that issue diligently . . . [the case] . . . would not have necessitated the delay." Defendant, however, provides no citation to the record as evidence that the State took this position as a "deliberate attempt to delay the trial in order to hamper the defense" or acted in bad faith to "gain some impermissible advantage at trial." *See id.* ¶ 25 (internal quotation marks and citation omitted). Therefore, we weigh these two months against the State, but only slightly. *See id.*

**{8}**     The main disagreement between the parties is the manner in which this Court should weigh the time between March 18, 2020 and September 13, 2021, because during this time, the courts operated under COVID-19 restrictions. Defendant argues that the entire eighteen months should weigh heavily in their favor as administrative delay. The State maintains this Court should exclude from the analysis, weigh neutrally, or weigh partially against Defendant all delay caused by COVID-19. We decline to categorically assign to either party the weight of delay caused by the suspension of criminal jury trials due to the COVID-19 pandemic. *See Moreno*, 2010-NMCA-044, ¶ 6 (stating that speedy trial analysis "necessarily compels courts to approach speedy trial cases on an ad hoc basis" (internal quotation marks and citations omitted)). Instead, we consider the particular circumstances in this case. *See Garza*, 2009-NMSC-038, ¶ 13.

**{9}**     Thus, we consider each reason for delay within the eighteen-month COVID-19 period separately. *Cf. Maddox*, 2008-NMSC-062, ¶ 13. After hearing arguments on the motion for jury trial eligibility on March 18, 2020, the metropolitan court scheduled a bench trial for June. On June 1, 2020, instead of having the bench trial, the parties and the metropolitan court treated their telephone conversation as a status conference, and the metropolitan court scheduled an in-person bench trial to take place on July 8, 2020. On July 2, 2020, however, the metropolitan court continued the bench trial to September 14, 2020. This six-month delay was caused by the court's inability to hold in-person bench trials due to COVID-19. We therefore weigh it slightly against the State. *Cf. State v. Flores*, 2015-NMCA-081, ¶ 8, 355 P.3d 81 (finding that "[m]ore neutral reasons for delay, such as negligent or administrative delay caused, for example, by overcrowded courts, the reassignment of judges, or governmental negligence, weighs against the state, though less heavily" (text only) (citation omitted).

**{10}**   On September 14, 2020, Defendant requested the metropolitan court to reset the matter because Defendant's counsel did not believe he could provide effective assistance of counsel in a video trial. A status conference took place on December 1, 2020, where the metropolitan court once again rescheduled the bench trial to accommodate Defendant's request for an in-person bench trial. By this point, however, the New Mexico Supreme Court had entered an order stating,

> All hearings, except for jury trials, shall use telephonic or audio-video connection for court appearances by all attorneys, litigants, and witnesses, unless the judge presiding over the bench trial or other hearing makes oral or written findings of fact and conclusions of law supporting a compelling

need for an in-person appearance that are specific to the particular circumstances in an individual case.[2]

Despite the language of the order, Defendant provided no evidence to the court nor on appeal for the contention that counsel was unable to provide effective assistance of counsel through an audio-visual connection. *See State v. Brazeal*, 1990-NMCA-010, ¶ 17, 109 N.M. 752, 790 P.2d 1033 ("[A]ppellate courts will not presume denial of effective assistance of counsel . . . unless, under the circumstances, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." (internal quotation marks and citation omitted)); *see also State v. Hall*, 2013-NMSC-001, ¶ 28, 294 P.3d 1235 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). We conclude that the delays caused by Defendant by refusing to participate in telephonic or audio-video connection, as required by our Supreme Court, weigh slightly against Defendant. *See Fierro*, 2012-NMCA-054, ¶¶ 40-45 (determining no evidence supported a finding that ineffective assistance of counsel caused delays and that the defendant benefitted from and contributed to the delays).

**{11}**     On March 31, 2021, the State moved for a continuance due to Deputy Jessen's unexpected unavailability for work reasons. The two-month delay caused by this motion for continuance weighs neutrally. *See Samora*, 2016-NMSC-031, ¶ 11. The metropolitan court held a status conference on May 26, 2021, where Defendant once again reiterated the desire for an in-person trial. A final status conference took place on July 27, 2021, where the metropolitan court set the in-person trial date for September 13, 2021. As discussed above, this three-and-a-half-month delay caused by Defendant's request for an in-person bench trial contrary to the Court Order slightly weighs against Defendant.

**{12}**     On September 10, 2021, Defendant filed a motion to dismiss for speedy trial violations. Three days later, on the day of trial, the State was not ready for trial due to Deputy Jessen's unavailability and requested a continuance. The metropolitan court dismissed the case without prejudice and asked the State to brief the issue of speedy trial if it refiled the case. The State refiled the complaint and filed its response to Defendant's motion to dismiss for speedy trial violation on September 20, 2021. On November 1, 2021, the metropolitan dismissed the case with prejudice, resulting in an additional two-month period weighing against the State. *See Garza*, 2009-NMSC-038, ¶¶ 28, 48 (noting that delay resulting from dismissal and refiling should be weighed against the state).

---

[2]Supreme Court Order, *In the Matter of the Safe & Effective Administration of the New Mexico Judiciary During the COVID-19 Public Health Emergency*, 20-8500-024, at 11 (N.M. July 6, 2020) (Court Order) https://www.nmcourts.gov/wp-content/uploads/2020/12/Order-No_-20-8500-025-Order-Adopting-PHE-Protocols-for-Safe-and-Effective-Operation-of-NM-Courts-7-6-20-with-PHE-Protocols-Attached-1.pdf.

**{13}**     Totaling the delay, approximately ten months weigh neutrally, twenty months weigh against Defendant, and fourteen months weigh against the State.[3] Considering that most of the delay is weighed neutrally or against Defendant, we cannot say that the reasons for delay weigh heavily in favor of Defendant.

## III.     Assertion of the Right

**{14}**     To determine the strength of Defendant's assertion, "we explore the timing and manner in which [the d]efendant asserted [the] right." *State v. Laney*, 2003-NMCA-144, ¶ 23, 134 N.M. 648, 81 P.3d 591. This Court must "accord weight to the frequency and force of the defendant's objections to the delay." *State v. Wilson*, 2010-NMCA-018, ¶ 45, 147 N.M. 706, 228 P.3d 490 (internal quotation marks and citation omitted). "[P]ro forma motions are generally afforded relatively little weight in this analysis." *State v. Urban*, 2004-NMSC-007, ¶ 16, 135 N.M. 279, 87 P.3d 1061. "The individual circumstance of each case must be closely analyzed." *State v. Brown*, 2017-NMCA-046, ¶ 29, 396 P.3d 171.

**{15}**     Defendant asserted the right to a speedy trial twice over the forty-four months the case was pending, first asserting the right by motion over three years after the arrest and some months earlier, by orally opposing the State's motion for continuance. Defendant's counsel expressed concern that the case was approaching "a crazy speedy trial analysis," and asked the metropolitan court to dismiss without prejudice. Defendant's second assertion of the right was in the motion to dismiss on speedy trial grounds filed three days before trial. We note that Defendant's initial requests for continuance do not erase the assertion of the right. *See Urban*, 2004-NMSC-007, ¶ 16 (holding that the defendant's request for a continuance should not "wholly erase" his assertion of the right). Defendant's early waiver of the "six-month rule," however, dilutes the strength of the assertions. *See* Rule 7-506(B) NMRA (providing that the trial shall generally commence in the metropolitan court within 182 days of a defendant's arraignment or waiver of arraignment); *see also State v. Ochoa*, 2017-NMSC-031, ¶ 45, 406 P.3d 505 ("[The d]efendant did, however, dilute the strength of his assertion by failing to respond in a substantive manner to the [s]tate's three requests to extend the six-month rule." (internal quotation marks and citation omitted)). Furthermore, given the delay of the assertions and their proximity to trial, we afford them little weight. *See Moreno*, 2010-NMCA-044, ¶ 33 ("[G]enerally, the closer to trial an assertion is made, the less weight it is given.").

**{16}**     Defendant correctly contends that the "rights under this Sixth Amendment are fundamental in nature so that the failure to assert them does not constitute waiver." However, the "timeliness and vigor with which the right is asserted may be considered as an indication of whether a defendant was denied needed access to speedy trial over [the defendant's] objection." *Garza*, 2009-NMSC-038, ¶ 32. Considering the lack of timeliness and vigor in Defendant's assertions of the right, as discussed above, we

---

[3]In total, 305 days weigh neutrally, 627 days weigh against Defendant, and 420 days weigh against the State.

conclude this factor weighs in Defendant's favor, but only slightly. We turn now to Defendant's claim of prejudice arising from the delay.

## IV. Prejudice

**{17}** We analyze prejudice by considering three interests: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Id.* ¶ 35. "[The d]efendant has the burden of showing that [they] suffered particularized prejudice that went beyond the generalized prejudice inherent in the delay between arrest and trial." *State v. Parrish*, 2011-NMCA-033, ¶ 33, 149 N.M. 506, 252 P.3d 730. We consider whether Defendant "offered some actual evidence in the form of affidavits, testimony, or documentation in support of the allegations" of prejudice, which was caused by the delay in bringing the case to trial. *See Spearman*, 2012-NMSC-023, ¶ 39. Based on our review, we determine that Defendant has not met this burden.

**{18}** Defendant argues that prejudice arose by being placed on conditions of release and placed on pretrial supervision for more than eight months. Defendant further contends she was prejudiced by the "stress and anxiety of having criminal charges hanging over her head." Regarding Defendant's first argument, conditions of release and pretrial supervision are "non[]particularized prejudice" that are "not the type of prejudice against which the speedy trial right protects." *See Garza*, 2009-NMSC-038, ¶ 37 (text only); *see also id.* (finding that "some actual prejudice in the form of restriction imposed by pre[]trial conditions of release and stress" are "non[]particularized prejudice"). As to the second argument, "some degree of oppression and anxiety is inherent in every defendant;" therefore, the anxiety suffered by the defendant must be undue. *Id.* ¶ 35 (text only). Defendant did not introduce proof in the form of affidavits, testimony, or other documentation to support the prejudice claim, nor does Defendant argue that the anxiety suffered was undue. *See Hall*, 2013-NMSC-001, ¶ 28 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Defendant's generalized statements, without more, do not support prejudice beyond those any accused person might suffer and does not demonstrate a particularized prejudice. *See Ochoa*, 2017-NMSC-031, ¶ 53 ("[M]ere allegations are insufficient to prove prejudice."); *see also Parrish*, 2011-NMCA-033, ¶ 33 ("[The d]efendant has the burden of showing that [they] suffered particularized prejudice that went beyond the generalized prejudice inherent in the delay between arrest and trial.").

## V. Balancing Test

**{19}** Considering all four factors, the metropolitan court erred in granting Defendant's motion to dismiss on speedy trial grounds because, in addition to failing to show a particularized prejudice, the reasons for delay and assertion of the right do not weigh heavily in Defendant's favor. *See State v. Deans*, 2019-NMCA-015, ¶ 27, 435 P.3d 1280 (concluding that although the length of delay weighed heavily in the defendant's

favor and the remaining factors weighed slightly for the defendant, absent prejudice, the right to a speedy trial was not violated).

**CONCLUSION**

**{20}** For the foregoing reasons, we reverse and remand to the metropolitan court for further proceedings consistent with this opinion.

**{21} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**