This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40045**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**PEDRO GARCIA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Office of Scott M. Davidson, Ph.D., Esq., LLC
Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**    Defendant Pedro Garcia appeals his conviction for criminal sexual contact of a minor (child under 13), contrary to NMSA 1978, Section 30-9-13(B)(1) (2003). Defendant argues that (1) he was denied the right to a speedy trial; (2) he was provided ineffective assistance of counsel; (3) the district court inappropriately admitted certain evidence; and (4) the guilty verdict was the result of cumulative error. For the following reasons, we affirm. Because this is an unpublished memorandum opinion written solely

for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

**DISCUSSION**

**I.      Speedy Trial**

**{2}**      The Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution establish an accused's right to a speedy trial. To determine whether the right has been violated, New Mexico courts apply the *Barker* balancing test to the particular facts and circumstances of the case. *See State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387 (listing the factors in *Barker v. Wingo*, 407 U.S. 514 (1972)). Under the *Barker* framework, courts weigh the conduct of both the prosecution and the defendant under the guidance of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness and manner in which the defendant asserted [their] speedy trial right; and (4) the particular prejudice that the defendant actually suffered. *Id.*

**{3}**      "It is well-settled law that in order to preserve a speedy trial argument for appellate review, the defendant must properly raise it in the lower court and invoke a ruling." *State v. Olivas*, 2011-NMCA-030, ¶ 22, 149 N.M. 498, 252 P.3d 722 (text only) (citation omitted). Defendant concedes that he did not preserve the speedy trial argument and requests that this Court exercise its discretion to review for fundamental error. *See State v. Garcia*, 2019-NMCA-056, ¶ 38, 450 P.3d 418 (explaining that this Court has the discretion to review an unpreserved speedy trial argument for fundamental error). We decline to exercise our discretion in this case because Defendant did not suffer "particularized prejudice that went beyond the generalized prejudice inherent in the delay between arrest and trial." *State v. Parrish*, 2011-NMCA-033, ¶ 33, 149 N.M. 506, 252 P.3d 730; *see Garza*, 2009-NMSC-038, ¶ 12 ("The heart of the right to a speedy trial is preventing prejudice to the accused."). Defendant only references his "onerous pretrial supervision" and "weight of a felony criminal prosecution hanging over his head" to demonstrate that he endured prejudice. These types of nonparticularized prejudice are insufficient to establish a speedy trial right violation. *See Garza*, 2009-NMSC-038, ¶ 37 (determining that "prejudice in the form of restriction imposed by pre[]trial conditions of release and stress" is "not the type of prejudice against which the speedy trial right protects"). Accordingly, we do not consider Defendant's unpreserved speedy trial argument.

**II.      Ineffective Assistance of Counsel**

**{4}**      Defendant argues that defense counsel's failure to adequately protect his right to a speedy trial deprived him of his right to effective assistance of counsel. The State responds that the record is insufficient to establish that counsel's performance was

deficient and therefore the ineffective assistance of counsel claim is more properly brought through a habeas corpus petition. We agree with the State and explain.

{5}     "To establish ineffective assistance of counsel, a defendant must show that[] (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Miera*, 2018-NMCA-020, ¶ 30, 413 P.3d 491 (internal quotation marks and citation omitted) "The completeness of the record determines whether we address a claim of ineffective assistance of counsel through direct appeal." *State v. Pate*, 2023-NMCA-088, ¶ 26, 538 P.3d 450 (text only) (citation omitted). Defendant maintains that defense counsel's "failures to assert [Defendant's] right to a speedy trial, and his repeated failure to object to multiple motions to continue filed by the State hindered [Defendant's] ability to vindicate his fundamental constitutional right to a speedy trial." The record, however, does not demonstrate why defense counsel did not pursue a speedy trial claim or the rationale for defense counsel not objecting to the State's continuances. *See State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition."). Accordingly, the record is not adequately developed to determine whether defense counsel's action was a reasonable trial tactic. *See State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 ("[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will no find ineffective assistance.").

{6}     Furthermore, the record is deficient of facts demonstrating sufficient prejudice caused by defense counsel's performance. *See Pate*, 2023-NMCA-088, ¶ 29 (holding that the record did not establish a prima facie case of ineffective assistance of counsel "on the ground of lack of sufficient prejudice"). As discussed above, Defendant does not provide evidence of particularized prejudice that would merit the speedy trial claim, and therefore fails to show that there is a reasonable probability that he would have succeeded in its speedy trial claim if defense counsel had objected to the continuances or asserted the right. *See State v. Morgan*, 2016-NMCA-089, ¶ 15, 382 P.3d 981 ("The 'prejudice' element of an ineffective assistance of counsel claim is not satisfied when the defendant proves that a particular act or omission by his counsel was prejudicial to his defense; instead, the defendant must show a 'reasonable probability' that but for the attorney's objectively unreasonable conduct, the result of the proceedings would have been different."). Accordingly, we conclude that Defendant's claim for ineffective assistance of counsel claim is more properly brought through a habeas corpus petition. *See Pate*, 2023-NMCA-088, ¶ 27 ("In New Mexico, it is often repeated that habeas corpus proceedings are preferable to direct appeal for ineffective assistance of counsel claims.").

## III.     Evidentiary Rulings

{7}     Defendant challenges several of the district court's evidentiary rulings, specifically admission of photographs of Victim taken when she was twelve years old,

parts of the testimony by Victim, Ms. Chavez, and Ms. Robledo, and the district court's decision not to allow counsel review of jurors' questions before asking the questions of the witness. We do not address these arguments on appeal because Defendant does not specify where in the record he raised and preserved these issues for review.[1] *See* Rule 12-318(A)(4) NMRA ("The brief in chief of the appellant . . . shall contain . . . a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on."); *see also State v. Cain*, 2019-NMCA-059, ¶ 28, 450 P.3d 452 ("This Court will not search the record to find whether an issue was preserved where defendant did not refer to appropriate transcript references."); *State v. Lucero*, 1999-NMCA-102, ¶ 43, 127 N.M. 672, 986 P.2d 468 (declining to address argument on appeal because the defendant failed to indicate how the issue was preserved for review).

## IV. Cumulative Error

**{8}** "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 29, 126 N.M. 132, 967 P.2d 807, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. Defendant argues that "the combination of errors deprived [Defendant] of a fair trial." However, as discussed above, we fail to conclude that the district court committed any error and therefore there is no cumulative error. *See State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211.

## CONCLUSION

**{9}** For the foregoing reasons, we affirm.

**{10} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**

---

1Defendant argues that the district court abused its discretion in refusing to allow counsel for both parties to review jury questions before the district court asked the question to the witnesses. Defendant, however, fails to cite authority supporting his argument and we therefore will not consider this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329, (stating that when a party cites no authority to support an argument, we may assume no such authority exists); *ITT Educ. Servs., Inc. v. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority).